IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ALLEN NISSAN OF HELENA, INC., and ROBERT T. ALLEN, individually,<br><br>Defendants. | CV-19-16-H-CCL<br><br>Order |

Before the Court is Plaintiff's Ex Parte Motion for Appearance and Temporary Substitution of Local Counsel. (Doc. 17). Although Plaintiff does not explain why the motion is filed *ex parte* in the motion, a representative from the office of Plaintiff's local counsel called chambers and stated that the motion was filed *ex parte* because counsel for Defendants have not yet appeared in this case. While it is true that Defendants have yet to appear in this case, Defendants are entitled to be copied on documents filed in this case. By designating its recent filing as "ex parte," Plaintiff in effect designated the documents as filed under seal, meaning that opposing counsel and the public cannot access the documents, without following the requirements of L.R. 5.2. The documents should not have been filed under seal and should not have been designated *ex parte*.

This Court requires local counsel to appear in every case because it expects local counsel to be familiar with the requirements of electronic filing and the local rules and procedural norms for appearing in the United States District Court for the District of Montana. This Court does not normally engage in *ex parte* contacts of any type, including calls to chambers. Local counsel has contacted chambers at least six times since shortly before this case was filed, on February 22, 2019. Chambers' staff have been instructed not to accept future calls from the office of Plaintiff's local counsel. Future questions regarding electronic filing should be directed to the Office of the Clerk of Court, not to chambers.

As to the merits of Plaintiff's motion for substitution, Plaintiff's local counsel requests substitute local counsel because he "has a previously scheduled arbitration in Seattle, Washington, for a different client, on the same day as the Status Conference in this action." (Doc. 17-1 at ¶ 5). It is not clear whether this "previously scheduled arbitration" was scheduled before or after March 6, 2019, when Plaintiff's local counsel filed the Motion for Temporary Restraining Order and Preliminary Injunction, in which Plaintiff represented to the Court that its counsel was available for a hearing on a number of dates, including March 19, 2019. (Doc. 6 at ¶ 13). The Court entered the order setting the status conference for March 19, 2019, on March 8, 2019.

The Court has reviewed Plaintiff's motion and the supporting affidavits, which indicate that Ms. Combo is a member in good standing of the Montana bar. The Court has also confirmed that Ms. Combo was admitted to practice in the United States District Court for the District of Montana on March 13, 2019.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Appearance and Temporary Substitution of Local Counsel (Doc. 17) is GRANTED. The Clerk of Court is directed to remove the *ex parte* designation of Doc. 17 so that it is available to all parties and to the public. Counsel for Plaintiff is directed to provide a copy of Doc. 17 and a copy of this order granting the motion to defendant.

Dated this 14th day of March, 2019.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE