```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF MONTANA
           HELENA DIVISION
```

FILED
3/27/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ALLEN NISSAN OF HELENA, INC., and ROBERT T. ALLEN, individually,<br><br>Defendants. | CV-19-16-H-CCL<br><br><br>ORDER<br>&<br>PRELIMINARY<br>INJUNCTION |

Plaintiff Nissan Motor Acceptance Corporation ("NMAC") filed the above-captioned action against defendants Robert Allen Nissan of Helena, Inc. and Robert T. Allen (collectively referred to as "Defendant") for breach of contract, claim and delivery, injunctive relief, specific performance, breach of sign lease agreement, breach of lease plan agreement, and breach of guaranty (the "Action"). NMAC and Defendant entered into a Forbearance Agreement and Release dated as of March 22, 2019 ("Forbearance Agreement") pursuant to which Defendant is to perform certain terms and conditions. Defendant and NMAC have executed and filed a Joint Request to Vacate Hearing and to Enter Stipulated Preliminary Injunction Order (Doc. 27). The parties also filed a Stipulation of Parties to Preliminary Injunction (Doc. 28) and a proposed order (Doc. 29). Defendant and

NMAC have agreed that a Preliminary Injunction Order shall be issued by this Court pursuant to the terms and conditions contained within their Stipulation and proposed order.

Having reviewed the stipulation, and for good cause shown, the Court enters the following Findings and Conclusions.

1. NMAC has established that it is entitled to the issuance of a preliminary injunction. Unless Defendant is enjoined there is a danger that the vehicles identified on the attached **Exhibit A**, the other vehicles and personal property described in the attached **Exhibit B** and the proceeds from the sale of any such vehicle or other personal property (collectively the "Collateral"), may become unavailable to replevy and may become substantially impaired in value before the Court can consider NMAC's motion for an order of delivery or hold a trial on the merits.

2. Defendant has sold and continues to sell NMAC's vehicle Collateral out-of-trust and to use the proceeds of the vehicle and non-vehicle Collateral for purposes other than repaying NMAC the amounts owed to it. As long as Defendant can continue to sell vehicles out of trust, NMAC's security interest is being irreparably harmed by the diversion or withholding of the sales proceeds necessary to satisfy NMAC's liens. The injury to NMAC is irreparable because

its source of repayment, the Collateral, is being diminished each day that Defendant is not enjoined. The sales proceeds of the vehicle Collateral represent cash collateral which could easily be applied to satisfy Defendant's obligations to NMAC under the loan documents and security agreements entered into by the parties.

3. A preliminary injunction is proper in this case because NMAC's security interest in the cash Collateral is easily and quickly lost as Defendant can spend the sales proceeds for other purposes. At the same time, the vehicles are depreciating in value. Defendant has already demonstrated its unwillingness to meet its obligations to NMAC under the loan documents by refusing to surrender the vehicles and by selling vehicles out of trust.

4. NMAC has established the likelihood that it will prevail on the merits of its claim based upon Defendant's defaults under the loan documents, NMAC's security interest in the collateral, and because Defendant has sold vehicles "out of trust" by keeping the proceeds and failing to pay them to NMAC.

5. NMAC has established the probable validity of its security interest in, and claim to possession of, the vehicles identified on the attached **Exhibit A** and all of Defendant's furniture, fixtures, machinery, supplies and other equipment, all motor vehicles, tractors, trailers, implements, service parts and accessories and

other inventory of every kind, all accounts, contract rights, chattel paper and general intangibles as described in the attached **Exhibit B**, that Defendant is in default on its loan obligations owing to NMAC under the loan documents as set forth in NMAC's moving papers.

The parties having stipulated that Plaintiff is not required to provide security and to entry of the Preliminary Injunction, the Court enters this Preliminary Injunction without requiring Plaintiff to provide security. Accordingly,

IT IS HEREBY ORDERED that Defendant may sell or lease the Collateral in the ordinary course of business only as provided in this order:

1. At the time of any sale or lease of any vehicle, Defendant shall immediately notify NMAC of such sale or lease via email to the following email address: Jeffry.Griffin@nissan-usa.com, by promptly delivering or faxing to NMAC a true copy of the written contract of such retail sale or lease at 8900 Freeport Parkway, Irving, Texas 75063 (fax: 972 607-8236) and by notifying NMAC's representative on site at 3135 Prospect Ave, Helena, MT 59601.

2. Defendant shall turn over possession to NMAC and NMAC shall maintain physical custody of titles and manufacturers certificates of origin

("MCO") for all vehicles in which NMAC has a lien or security interest, whether or not financed by NMAC;

3. Defendant shall not make delivery of a vehicle identified on the attached **Exhibit A** unless it has received either (1) full payment for such vehicle or (2) written approval of consumer financing. Within the earlier of ten (10) calendar days of sale or one business day from Defendant's receipt of any of the sale proceeds (excluding down payments for sales that do not close) for any sale or lease of a vehicle, including any vehicle identified on Exhibit A that has been sold or leased on or before the date of this Order for which Defendant received proceeds before or after the date of this Order, Defendant shall immediately and forthwith remit to NMAC by check delivered to NMAC's representative on site at 3135 Prospect Ave, Helena, MT 59601 or by wire transfer or direct payment to NMAC's bank in accordance with the wire instructions provided to Defendant by NMAC all amounts received by Defendant up to the amount advanced by NMAC to Defendant to acquire the vehicle (the "Advanced Price"). Defendant may not pay such amounts to NMAC via electronic funds transfer ("EIPP"). Any proceeds in excess of the Advanced Price on a particular vehicle may be retained by Defendant to use towards its operating expenses. NMAC's security interest

continues to attach to the proceeds in excess of the Advanced Price to the extent they are not used to cover operating expenses;

4. Within one business day from Defendant's receipt of any of the "cash" proceeds (excluding down payments for sales that do not close) of such sale or lease of a vehicle not identified on the attached Exhibit A (a "Non-Floored Vehicle"), Defendant shall immediately and forthwith remit to NMAC by check delivered to NMAC's representative on site at 3135 Prospect Ave, Helena, MT 59601 or by wire transfer or direct payment to NMAC's bank in accordance with the wire instructions provided to Defendant by NMAC funds received by Defendant in the amount of 50% of Defendant net sale price of the Non-Floored Vehicle after payment of taxes, registration, and licensing. Defendant may not pay such amounts to NMAC via EIPP;

5. Should Defendant receive any vehicle as a "trade-in" for the payment of a vehicle or a Non-Floored Vehicle, Defendant shall notify NMAC within one business day of receiving the trade-in by email to the following email address: Jeffry.Griffin@nissan-usa.com and by notifying NMAC's representative on site at 3135 Prospect Ave, Helena, MT 59601. Furthermore, Defendant shall promptly pay or satisfy any liens or amounts owing against the trade-in vehicle. Defendant

may subsequently sell the trade-in as a Non-Floored Vehicle in accordance with paragraphs 1, 2, 3 and 4 above;

6. Trades or transfers of vehicles by Defendant with other dealers ("Dealer Trades") are prohibited unless expressly consented to in writing by NMAC;

7. Defendant shall limit the use of Demonstrator Vehicles to customer test drives of no more than 24 hours in duration. Defendant shall continue to have the right to use Demonstrator Vehicles for dealer purposes.

8. Defendant may sell parts, accessories, or related supplies ("Parts") in the ordinary course of its service department's business but Defendant shall use the proceeds from the cost of the Parts sold to pay Defendant's invoice cost on account of part's sales, in the form of checks or other immediately available funds to NMAC. Defendant shall submit to NMAC a written accounting upon its request of the following: (1) Parts sold the previous week; and (2) Parts ordered as replacements the previous week.

IT IS FURTHER ORDERED that Defendant is restrained from removing any of the Collateral in such manner as to make it less available to seizure by levying officer and/or impairing the value of the subject colalteral.

IT IS FURTHER ORDERED that Defendant shall permit NMAC and its authorized agents and employees to enter upon Defendant's sales lot and business offices located at 3135 Prospect Ave, Helena, MT 59601 during business operating hours. NMAC shall be authorized to hold possession of keys overnight to all vehicles, to be present while all mail and other package deliveries are opened and to review the cash receipts journals on a daily basis. NMAC is authorized to conduct audits and inspections of the Collateral and Defendant's books and records, including making photocopies thereof. Defendant shall deliver copies of all bank statements and daily website bank statements, contracts in transit and lien payoff schedules to NMAC within one business day of receipt by Defendant of such statements each day.

IT IS FURTHER ORDERED that Defendant must ensure that its managers, members and employees comply with all its agreements with NMAC.

IT IS FURTHER ORDERED that the Preliminary Injunction and Order to Show Cause Hearing currently set for March 28, 2019, and the Court's March 25, 2019 Order (Doc. 26) are VACATED.

This Order shall remain in effect until modified by further order of this Court, a subsequent order of a Bankruptcy Court or provisions of Title 11, or

modified by written agreement signed by the parties, filed with and approved by this Court. So ordered.

Dated this 27th day of March, 2019.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

**Darlene DeMato**

| | |
|---|---|
| **From:** | Andrew S. Elliott <ase@severson.com> |
| **Sent:** | Wednesday, March 27, 2019 12:19 PM |
| **To:** | Darlene DeMato; mae@witherspoonkelley.com; mwarhank@jmgm.com |
| **Subject:** | RE: CV-19-16-H-CCL  NMAC v. Robert Allen Nissan of Helena et al. |
| **Attachments:** | prelim inj.pdf |

Dear Ms. DeMato.

I have reviewed the proposed order and it is satisfactory to NMAC.

Thanks again for your (and the Court's) assistance.

Best,
Drew



Andrew S. Elliott
Member
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5542
Email: ase@severson.com   www.severson.com

---

**From:** Darlene DeMato [mailto:Darlene_DeMato@mtd.uscourts.gov]
**Sent:** Wednesday, March 27, 2019 10:42 AM
**To:** mae@witherspoonkelley.com; Andrew S. Elliott; mwarhank@jmgm.com
**Subject:** CV-19-16-H-CCL NMAC v. Robert Allen Nissan of Helena et al.

Dear Counsel:

    Thanks to both counsel for your joint cooperation and your filing of a Joint Request to Vacate Hearing and to Enter Stipulated Preliminary Injunction Order (Doc. 27), Stipulation of Parties to Preliminary Injunction (Doc. 28) and the proposed order (Doc. 29), which was submitted yesterday.
    The Court has examined your proposed order and prepared therefrom its own draft proposed order. Paragraph 10 of your proposed order seems to me to be superfluous and unnecessary and therefore is not included in the Court's proposed order. Other changes in style conform to usual practice.
    Please advise immediately if you authorize this order to be entered by joint stipulation. If, for any reason, this order is not satisfactory to either party, the Court will entertain suggestions or proposed modification at tomorrow's hearing, at which all counsel should be present.

Sincerely,

Charles C. Lovell

# Darlene DeMato

**From:** Murry Warhank <MWarhank@jmgm.com>
**Sent:** Wednesday, March 27, 2019 12:47 PM
**To:** Darlene DeMato; mae@witherspoonkelley.com; ase@severson.com
**Cc:** Vicki LaFond-Smith
**Subject:** RE: CV-19-16-H-CCL NMAC v. Robert Allen Nissan of Helena et al.

All:

These changes are acceptable to defendants.

Thanks,

Murry

**From:** Darlene DeMato <Darlene_DeMato@mtd.uscourts.gov>
**Sent:** Wednesday, March 27, 2019 11:42 AM
**To:** mae@witherspoonkelley.com; ase@severson.com; Murry Warhank <MWarhank@jmgm.com>
**Subject:** CV-19-16-H-CCL NMAC v. Robert Allen Nissan of Helena et al.

Dear Counsel:

    Thanks to both counsel for your joint cooperation and your filing of a Joint Request to Vacate Hearing and to Enter Stipulated Preliminary Injunction Order (Doc. 27), Stipulation of Parties to Preliminary Injunction (Doc. 28) and the proposed order (Doc. 29), which was submitted yesterday.

    The Court has examined your proposed order and prepared therefrom its own draft proposed order. Paragraph 10 of your proposed order seems to me to be superfluous and unnecessary and therefore is not included in the Court's proposed order. Other changes in style conform to usual practice.

    Please advise immediately if you authorize this order to be entered by joint stipulation. If, for any reason, this order is not satisfactory to either party, the Court will entertain suggestions or proposed modification at tomorrow's hearing, at which all counsel should be present.

Sincerely,

Charles C. Lovell