

FILED

JUL 02 2019

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ALLEN NISSAN OF HELENA, INC., an Idaho corporation; ROBERT T. ALLEN, an individual,<br><br>Defendants. | Case No. 6:19-cv-00016-CCL<br><br>**ORDER FOR SEIZURE AND DELIVERY OF PERSONAL PROPERTY COLLATERAL** |

    This matter came before the Court pursuant to stipulation by the parties following plaintiff Nissan Motor Acceptance Corporation's ("NMAC") ex parte application to enforce forbearance agreement and for an order issuing writ of possession (the "Application").

    The Court, having reviewed the Application, Affidavit of Sam Huckaby, and the Court being otherwise fully advised, now, therefore, makes the determination that NMAC has made a prima-facie showing of the right to possession of the Collateral and the necessity for seizure of the Collateral by the US Marshal, District of Montana. Accordingly, the Court concludes that the action is one in which an order for seizure and delivery of the Collateral should issue and enters the following orders:

## ORDER AWARDING POSSESSION OF COLLATERAL

It is hereby ORDERED that NMAC is awarded possession of the Collateral identified in **Exhibit A** attached hereto.

## UNDERTAKING

The parties stipulate that NMAC is not required to post an undertaking.

## SERVICE, SEIZURE AND DELIVERY BY MARSHAL

GOOD CAUSE APPEARING, THEREFORE, IT IS HEREBY ORDERED that:

1. NMAC has established that the Collateral is located at Defendant's place of business at 3135 Prospect Ave, Helena, MT 59601 (the "Dealership").

2. The levying officer may enter the following private places at any time or times, using any necessary reasonable force, whether the premises are occupied or unoccupied, to take possession of the Collateral or any part thereof: 3135 Prospect Ave, Helena, MT 59601 ("Defendant's Business Premises").

3. The levying officer is authorized to remain on Defendant's Business Premises at all times until all the Collateral is removed from the Dealership. The levying officer within whose jurisdiction the Collateral, or some part thereof, is located, is authorized to execute the order of possession and levy on the Collateral in either of the following manners as directed by NMAC:

    a. The levying officer may seize the Collateral and retain custody; or

    b. The levying officer may maintain the peace while NMAC, its agents and employees take and maintain possession of the Collateral.

4. Upon delivery of the Collateral to NMAC, the levying officer shall be held harmless as to the transport, storage, and maintenance of the Collateral.

5. NMAC, its attorneys, or persons under its supervision shall accompany the levying office during the service and execution of this Court's

order of possession with respect to all personal property including the vehicles listed in the attached **Exhibit A** which are located at Defendant's Business Premises.

6. NMAC, and/or its authorized agents and assigns, is authorized to act as substitute custodian ("Substitute Custodian") of any and all items of personal property that is located and seized within the State of Montana pursuant to this Order. As Substitute Custodian, it shall hold harmless the levying officer from liability arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Collateral arising in the ordinary, authorized scope of the duties of the levying officer (which acts do not include acts arising from negligent or intentional tortious conduct), including any third-party claims, and the levying officer shall be discharged of his or her duties and responsibilities for safekeeping of the seized goods. The levying officer shall request proof of insurance from the Substitute Custodian before surrendering the Collateral to the Substitute Custodian.

7. NMAC is to store the Collateral in a reasonable manner and either NMAC or the storage facility shall carry sufficient insurance to protect the Collateral from loss prior to its sale or disposition. NMAC shall dispose of the Collateral in the manner provided under the Montana Uniform Commercial Code.

8. NMAC has established that it has a security interest in all accounts of Defendant. NMAC is authorized under this Order to take possession of all Collateral in the deposit accounts (the "Accounts") of Defendant wherever located. NMAC is authorized to have the levying officer serve a financial institution levy upon any financial institution with possession of Collateral for turnover of the Collateral in the Accounts to NMAC through the levying officer in the manner provided under Montana law. Defendant shall not issue checks, drafts or other form of withdrawals from the Accounts from the date of the issuance of this Order

except to make payment to NMAC.

9. Defendant shall deliver and turn over the Collateral to NMAC. NMAC will hold the Collateral for not less than 10 days in order to allow Defendant an opportunity to obtain redelivery of the Collateral.

10. The order for possession shall issue forthwith.

11. NMAC's representatives shall, if the levying officer so requests, accompany the levying officer to the business premises described above, to review and examine Defendant's books and records relating to the vehicles and parts constituting the Collateral in order to determine the status, location and time and date of return of any Collateral. NMAC's representative is authorized to remain at the Defendant Dealership at all times until all the Collateral is removed from the Dealership.

12. The levying officer while accomplishing such seizure shall employ whatever reasonable force necessary to break open and enter the Defendant's Business Premises, regardless of whether said premises and/or location is locked or unlocked or occupied or unoccupied, and to inspect the contents of any parking lot, garage, room, vehicle, container or desk or document.

## **DUTY OF DEFENDANT TO DELIVER AND COOPERATE WITH MARSHAL**

IT IS ORDERED that Defendant shall immediately disclose the location of the Collateral which is the subject of this Order for Seizure and Delivery of Collateral to NMAC or any of its agents and/or to the Marshal; and that the Defendant shall not obstruct seizure of the Collateral and shall cooperate with NMAC or its agents or the Marshal in seizing the Collateral.

## **NOTICE FOR LIABILITY FOR CONTEMPT IN CASE OF NON-DELIVERY**

Failure of Defendant to turn over possession of the Collateral, or any of it, to

the Marshal may subject the Defendant to being held in contempt of court upon application to the Court by NMAC, without further notice.

Done and dated this 2nd day of July, 2019.

Charles C. Lovell
Senior United States District Judge