Murry Warhank
JACKSON, MURDO & GRANT, P.C.
203 North Ewing Street
Helena, MT  59601
Tele: (406) 442-1308
Fax: (406) 443-7033
mwarhank@jmgm.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT ALLEN NISSAN OF HELENA, INC., and ROBERT T. ALLEN, individually,<br><br>    Defendants. | Cause No. CV-19-16-H-CCL<br><br><br>**DEFENDANT'S PRELIMINARY PRETRIAL STATEMENT** |

Defendant's submit their *Preliminary Pretrial Statement* pursuant to L.R. 16.2(b)(1):

**(A)    A brief factual outline of the case.**

This matter arises out of a lending relationship between Nissan Motor Acceptance Corporation ("NMAC"), Robert Allen Nissan of Helena, Inc. ("RANH"), and Robert T. Allen ("Mr. Allen").  NMAC provided RANH floor

plan financing, which finances the purchase of new and used vehicles for auto dealers to sell or lease.  NMAC took a security interest in RANH's all automobiles, equipment, parts, and other assets to secure it's obligations.  In addition, NMAC agreed to lease signs from NMAC.  Mr. Allen guaranteed all obligations to the NMAC.

NMAC conducted audits of RANH.  It determined that RANH had defaulted under the terms of the agreements and that it was "out of trust."  The parties have been working on these defaults since the beginning of this lawsuit.  The parties stipulated to a forbearance agreement.  Thereafter, the parties stipulated to the Order for Seizure and Delivery of Personal Property Collateral.  This Order lead to the seizure of the vehicles being sold by RANH.  It is defendant's understanding that some or all of the vehicles have been sold, but that a complete accounting is not yet available.

**(B) The basis for federal jurisdiction and for venue in the division.**

NMAC brought this suit based on diversity jurisdiction.  There is no dispute as to federal jurisdiction.

**(C)   The factual basis of each claim or defense advanced by the party.**

1.   The One-Action Rule.  NMAC sues on debt secured by mortgages on real property.  Therefore, a judgment may only be entered after the real property is sold and shown to be insufficient to cover the debt.

    2.    Wavier, laches estoppel, or other equitable doctrine.

Defendants allege that discovery may reveal facts to support claims based on these doctrines. No discovery has been undertaken. This defense has not been affirmatively asserted at this time.

**(D) The legal theory underlying each claim or defense.**

Per Mont. Code Ann. § 71-1-222, "[t]her is only one action for the recovery of debt or the enforcement of any right secured by a mortgage upon real estate" and "that cation must be in accordance with the provisions of this part." Plaintiffs must foreclose real property prior to seeking a judgment against a debtor. Here, NMAC's claims are secured by a mortgage on the real property on which RANH operates. Therefore, no judgment is appropriate until a foreclosure sale is held.

**(E) A computation of damages.**

Defendants do not claim damages at this time.

**(F) the pendency or disposition of any related state or federal litigation.**

None.

**(G) Proposed additional stipulations of fact not included in the Statement of Stipulated Facts.**

None.

**(H) Proposed deadlines relating to joinder of parties or amendment of the pleadings.**

March 2, 2020.

3

Defendant's Preliminary Pretrial Statement

**(I) Identification of controlling issues of law suitable for pretrial disposition.**

Robert Allen does not dispute the fact that the breaches of the agreements at issue will be suitable for pretrial disposition.  Some, if not all, issues related to damages may be suitable for pretrial disposition as well.

**(J) The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information.**

1. Robert Allen; Pocatello, Idaho.  Mr. Allen has knowledge of the operations of RANH and the agreements.

2. Susie Edick; Helena, Montana.  Ms. Edick has knowledge of the operations of RANH and the agreements.

3. Kenny Simpson; Pocatello, Idaho.  Mr. Simpson has knowledge of the operations of RANH and the agreements.

4. Other agents of Robert Allen Nissan; Helena, Montana. These individuals have information about RANH's operations and foundation that may be needed.

5. Hugh Johnson; unknown.  Mr. Johnson has knowledge regarding NMAC and the agreements.

6. Other witnesses listed by NMAC.

**(K) The substance of any insurance agreement that may cover any resulting judgment.**

None.

**(L) The status of any settlement discussions.**

The parties have been working cooperatively since the beginning of this lawsuit to find a way to resolve the disputes raised in this lawsuit. The parties continue to work to find solutions to the issues raised, which may be solved in whole or in part by transactions defendants are working to close.

**(M) Suitability of special procedures.**

Because of the cooperation between the parties, defendants suggest it may be a more efficient use of the Court's time to allow additional time for the transactions mentioned above to close. Some or all of the issues at bar may be resolved or better framed after the transaction closes.

DATED this 11th day of October, 2019.

JACKSON, MURDO & GRANT, P.C.

By: /s/ Murry Warhank
   Murry Warhank
   *Attorneys for Defendants*
